**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Lauricelis Santiago Rivera,
    Plaintiff,

    v.

American Beauty Careers, Inc., et al.
    Defendants.

Civil No. 04-1690 (GAG)

**OPINION AND ORDER**

The action was commenced by plaintiff, Lauricelis Santiago Rivera ("Santiago") alleging sexual harassment in her workplace. See Docket No. 1. The matter is presently before the court on a motion for summary judgment submitted by defendant American Beauty Careers, Inc. ("American Beauty"). See Docket No. 34. Specifically, defendant argues that Santiago cannot make a claim for *quid pro quo* sexual harassment or hostile work environment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e).[1]

In order to make a claim for *quid pro quo* sexual harassment, plaintiff must establish: 1) that she is a member of a protected class; 2) that she was subject to unwelcome sexual harassment; 3) that the harassment was sexually motivated; 4) that her reaction to the supervisor advances affected a tangible aspect of her employment; and 5) a basis for employer liability. Crowley v. L.L. Bean, 303 F.3d 387, 395 (1st Cir. 2002). Similarly, to succeed in a claim for sexual harassment based on hostile work environment, a plaintiff must establish: 1) that she is a member of a protected class; 2) that she was subjected to unwelcome sexual harassment; 3) that the harassment was based upon sex; 4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's

---

[1] The court notes that all parties complied with Local Rule 56.

**Civil No. 04-1690 (GAG)**                              2

employment and create an abusive work environment; 5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and 6) that some basis for employer liability has been established. Valentin-Almeyda v. Municipality of Aguadilla, 447 F.3d 85, 94 (1st Cir. 2006).

Through depositions and answers to interrogatories, Santiago sets out a pattern of unwanted sexual harassment and conduct from her supervisor and another co-worker, sanctioned by her supervisor. See Docket No. 48, ¶¶ 14-24. Defendant denies such allegations. See Docket No. 35, ¶ 3. Santiago also alleges that her employment was jeopardized as a result. See Docket No. 48, ¶¶ 66 - 69. Santiago points to instances where other women felt harassed and feared retaliation for complaining about the hostile work environment. Id. at ¶ 36. Again, defendants deny such allegations. See Docket No. 35, ¶¶ 7-8. At the very least, this creates a controversy of facts material to whether *quid pro quo* and hostile work environment sexual harassment occurred. This case hinges mainly on balancing the credibility of witnesses – something which is clearly out of the court's province. Santiago has met her burden in providing a record that controverts the material issues in this case. Therefore, given that this case cannot be disposed of as a matter of law, the motion for summary judgment is **DENIED** (Docket No. 34).

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of August 2006.


*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States Magistrate-Judge